Filed 9/15/20  P. v. Williams CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B305499 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. SA043183) |
| v. | |
| SHAWN LOUIS WILLIAMS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Kathryn A. Solorzano, Judge.  Dismissed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

_____

In 2003, a jury convicted defendant Shawn Louis Williams of the first degree murder of his wife. His sentence included a $10,000 restitution fine. This court previously affirmed the judgment of conviction. (*People v. Williams* (Sept. 29, 2004, B1663080 [nonpub. opn.].) As of January 13, 2020, defendant owed $8,369 towards the restitution fine. On January 28, 2020, defendant filed a motion to vacate the fines, and the trial court denied his motion.

Defendant appeals from the order denying his postconviction motion to vacate the restitution fine. Defendant's counsel filed a brief pursuant to *People v. Serrano* (2012) 211 Cal.App.4th 496, identifying no issue on appeal. Defendant filed a supplemental brief, arguing for various reasons that, in light of *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*), the trial court was required to reconsider the fees and fines it imposed in 2003.

Defendant's argument is not cognizable on appeal. Trial courts do not have jurisdiction to grant a motion challenging the fines and assessments after the defendant has begun serving his sentence. (*People v. Torres* (2020) 44 Cal.App.5th 1081, 1084–1085.) Consequently, the trial court did not have jurisdiction to grant defendant's motion, which defendant filed after execution of his sentence had begun, and the trial court's order denying the motion is therefore nonappealable. (*Id*. at p. 1088.) Defendant's appeal from that order must be dismissed. (*Ibid*.)

Even if arguendo the trial court had jurisdiction to consider defendant's motion, defendant's argument would lack merit. The right to an ability to pay hearing does not extend to inmates whose judgment became final before *Dueñas* was decided. (See

*People v. Garcia* (1984) 36 Cal.3d 539, 549 ["new rule" that "define[s] procedural rights collateral to a fair determination of guilt or innocence . . . generally does not receive retroactive effect"]; *Whorton v. Bockting* (2007) 549 U.S. 406, 416 [new rule of criminal procedure "applies retroactively in a collateral proceeding only if (1) the rule is substantive or (2) the rule is a ' "watershed rul[e] of criminal procedure" implicating the fundamental fairness and accuracy of the criminal proceeding' "].)

## DISPOSITION

The appeal is dismissed.
<u>NOT TO BE PUBLISHED.</u>

BENDIX, Acting P. J.

We concur:

CHANEY, J.

SINANIAN, J.*

---

\* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

3